# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **MAGISTRATE NO. 17-MJ-953** |
| | : | |
| **MIHAI ALEXANDRU ISVANCA, and** | : | **VIOLATIONS: 18 U.S.C. § 1349** |
| **EVELINE CISMARU,** | : | **(Conspiracy to Commit Wire Fraud)** |
| | : | **18 U.S.C. § 1343** |
| Defendants. | : | **(Wire Fraud)** |
| | : | **18 U.S.C. § 371** |
| | : | **(Conspiracy to Commit Computer** |
| | : | **Fraud)** |
| | : | **18 U.S.C. § 1030(a)(3)** |
| | : | **(Trespassing in a Government Computer)** |
| | : | **18 U.S.C. § 1030(a)(4)** |
| | : | **(Unauthorized Access of a Computer with** |
| | : | **Intent to Defraud)** |
| | : | **18 U.S.C. § 1030(a)(5)(A)** |
| | : | **(Intentionally Damaging a Protected** |
| | : | **Computer)** |
| | : | **18 U.S.C. § 1030(a)(7)** |
| | : | **(Threatening to Damage a Protected** |
| | : | **Computer with Intent to Extort)** |
| | : | **18 U.S.C. § 2** |
| | : | **(Aiding and Abetting)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A)** |

## I N D I C T M E N T

The grand jury charges that:

At all times relevant to this Indictment:

1. The defendants **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, citizens of Romania, resided and were located outside the United States.

2. The Metropolitan Police Department of the District of Columbia (hereafter, "MPD") is a law enforcement agency located in Washington, D.C.

3. MPD maintained and operated about 187 surveillance cameras in public outdoor areas in the District of Columbia. Those 187 MPD surveillance cameras were each connected to a separate computer located, with the camera, in the District of Columbia. Those 187 computers (hereafter, "MPD computers") were linked to the internet to observe, record, and relay information from the surveillance cameras. Those 187 MPD computers were protected computers, that is, they were "used in or affecting interstate or foreign commerce or communication."

4. The MPD computers were used by and for an agency of the United States, that is, the United States Secret Service, and other federal law enforcement agencies like the Federal Bureau of Investigation, to provide security for events, like the U.S. Presidential Inauguration of January 20, 2017. That is, the MPD computers were used and intended to be used by and for the Government of the United States although they may not have been owned by the Government of the United States.

The Conspiracy

5. Between on or about January 1, 2017, and continuing through at least December 14, 2017, the exact dates being unknown to the grand jury, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, conspired and agreed together and with each other and others known and unknown to the grand jury, to commit wire fraud, to trespass into government computers, to access without authorization computers with intent to defraud, to intentionally damage computers, and to threaten to damage computers with intent to extort.

The Scheme

6. Between on or about January 1, 2017, and continuing through at least December 14, 2017, the exact dates being unknown to the grand jury, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, knowingly and willfully devised and

intended to devise an unlawful scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, that is, a scheme in which, among other things, the defendants would insert ransomware into, among others, the MPD computers, and further distribute ransomware by spam emails using the MPD computers and others as proxies (that is, agents), and use the MPD computers and others as proxies to perpetrate fraud schemes.

7. As part of the scheme, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, among other things, would

   a. without authorization, access and take control of victim computers, such as the MPD computers;

   b. without authorization, use those computers to store information and tools related to the scheme, such as copies of ransomware, a type of malicious software (or "malware") that would encrypt files on various victim computers to which the malware was sent and installed;

   c. without authorization, install ransomware on those computers;

   d. without authorization, use those computers to send emails containing that ransomware to additional victim computers;

   e. extort money from the users of the victim computers, such as the MPD computers and others, in exchange for unlocking or decrypting files on the computers; and

   f. without authorization, use these victim computers as proxies to further a scheme to defraud by opening and using email accounts using those computers as a means of insulating themselves from detection as perpetrators of fraud schemes.

8. The defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**,

intended to defraud and obtain money and property from (i) the users of computers they accessed and controlled without authorization, whose computers were to be used as proxies to send out the ransomware emails, among other things, and (ii) the users of computers to whom they sent ransomware and caused to be infected with ransomware.

9. The materially false and fraudulent pretenses, representations, and promises used by the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, included (i) that they were authorized to access and to use the computers to be used as proxies and (ii) the ransomware emails to trick victims to open such emails and thereby trigger the ransomware.

Goal of the Conspiracy

10. It was a goal of the conspiracy that the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, would enrich themselves through such ransomware, fraud schemes, and the use of the computers of others.

Manner and Means of the Conspiracy

11. To achieve that goal, the defendants and others would (a) hack into victim computers, that is, perfect an unauthorized access into them, including the MPD computers and others, (b) insert ransomware and thereby extort money and others things of value from the users of the computers, (c) insert malware to enable the defendants and others to use the computers by proxy, and (d) then steal and obtain, and use, share, and sell network log-in credentials, email addresses and passwords, banking credentials, personal data, authentication keys and passwords, credit card data, and otherwise profit from their unauthorized access.

Overt Acts

12. The acts by which the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, and co-conspirators known and unknown to the grand jury, would and did carry out the goal of the conspiracy included, among other things, the following:

   a. On or about January 5, 2017, **MIHAI ALEXANDRU ISVANCA** created and registered an email account, david.andrews2005@gmail.com, an email account used by **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**;

   b. On or about between January 9 and January 12, 2017, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU** obtained unauthorized access to about 126 MPD computers, including the ability to remotely access and use those computers to, among other things, store files, access web pages, and send email;

   c. On or about between January 9 and January 12, 2017, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU** saved a variant of ransomware called "cerber" on at least one of those MPD computers;

   d. On or about between January 9 and January 12, 2017, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, saved a variant of ransomware called "dharma" on at least one of those MPD computers;

   e. On or about between January 9 and January 12, 2017, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, used one of those MPD computers ("Victim Device A"), to store a text file, USA.txt, which contained about 179,616 email addresses;

   f. On or about January 12, 2017, **EVELINE CISMARU** caused an email to be sent from eveline.cismaru@gmail.com to david.andrews2005@gmail.com, which email included the same file, USA.txt, which contained about 179,616 email addresses;

g. On or about January 12, 2017, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU** caused an email to be sent from vand.suflete@gmail.com to anonimano027@gmail.com, another email account used by **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, which email included (among other IP addresses) 94 IP addresses (and related usernames and passwords) corresponding to 94 of the MPD computers to which the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, had obtained unauthorized access;

h. On or about January 12, 2017, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, used Victim Device A to access an account with a user name of "David Andrew" on https://app.sendgrid.com, a commercially-available bulk email service used to send large quantities of email;

i. On or about January 12, 2017, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, used Victim Device A to access emailx.discoveryvip.com, a website which permits users to verify the validity of email addresses;

j. On or about January 10 or January 11, 2017, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, used Victim Device A to access an email account which had been created to perpetrate a fraud scheme, that is, the fraudulent purchase and resale of an item to an individual in London, England, named R.T.; and

k. On or about January 12, 2017, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, used Victim Device A to check the shipping status of an item related to the fraudulent purchase and resale of said item to an individual in London, England, named R.T.

## COUNT ONE

(Conspiracy to Commit Wire Fraud)

13. The allegations of paragraphs 1 through 12 are re-alleged and incorporated herein.

14. Between on or about January 1, 2017, and continuing through at least December 14, 2017, the exact dates being unknown to the grand jury, in the District of Columbia and elsewhere, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, unlawfully, knowingly, and willfully conspired, combined, confederated, and agreed together and with each other, and with persons known and unknown to the grand jury, to commit wire fraud, that is, to devise, execute, and attempt to execute a scheme and artifice to defraud MPD and others, to obtain money and property from the same by means of false and fraudulent pretenses, representations, and promises, and to cause the transmission of wire communications in interstate commerce various signals and sounds constituting wire transmissions for the purpose of executing such scheme or artifice to defraud, in violation of Title 18, United States Code, Section 1343.

(**Conspiracy to Commit Wire Fraud**, in violation of Title 18 United States Code, Sections 1343 and 1349)

## COUNTS TWO THROUGH SIX

(Wire Fraud)

15. The allegations of paragraphs 1 through 12 are re-alleged and incorporated herein.

16. Between on or about January 1, 2017, and continuing through at least December 14, 2017, the exact dates being unknown to the grand jury, in the District of Columbia and elsewhere, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and

promises, and, for the purpose of executing such scheme and artifice, and attempting to do so, did transmit and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## Execution of the Scheme

17. On or about the dates set forth below, in the District of Columbia and elsewhere, for the purpose of executing such scheme and artifice, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, did cause to be transmitted by means of wire communication in interstate and foreign commerce the following writings, signs, signals, pictures, and sounds, as described below for each count:

| **Count** | **Date (on or about)** | **Nature of Wire** |
|---|---|---|
| 2 | January 9 to 12, 2017 | Transmissions to insert a variant of ransomware called "cerber" on an MPD computer |
| 3 | January 9 to 12, 2017 | Transmissions to insert a variant of ransomware called "dharma" on an MPD computer |
| 4 | January 9 to 12, 2017 | Transmissions to send a file, USA.txt, to Victim Device A |
| 5 | January 9 to 12, 2017 | Transmissions to obtain a device called a "smoking gun" through the use of a fraudulent credit card and then to sell that device on Amazon.com through a company called LakeL Ltd. to a purchaser in England named R.T. which caused credit card payments to be sent to the defendant **EVELINE CISMARU** |
| 6 | January 9 to 12, 2017 | Transmissions to and using Victim Device A to access the "David Andrew" account on https://app.sendgrid.com in an effort to send malware and ransomware to recipients of valid email accounts |

(**Wire Fraud, and Aiding and Abetting**, in violation of Title 18 United States Code, Sections 1343 and 1349, and Title 18, United States Code, Section 2)

**COUNT SEVEN**

(Conspiracy to Commit Computer Fraud)

18.     The allegations of paragraphs 1 through 12 are re-alleged and incorporated herein.

19.     Between on or about January 1, 2017, and continuing through at least December 14, 2017, the exact dates being unknown to the grand jury, in the District of Columbia and elsewhere, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, unlawfully, knowingly, and willfully conspired, combined, confederated, and agreed together and with each other, and with persons known and unknown to the grand jury, to commit the following offenses against the United States:

a. without authorization to access any non-public computer of a department or agency of the United States, to access such computers, in violation of Title 18 United States Code, Section 1030(a)(3);

b. to knowingly, and with the intent to defraud, access protected computers without authorization and by means of such conduct to further the intended fraud and to obtain money and things of value, where the value of such use exceeded $5,000 in a single year, in violation of Title 18, United States Code, Section 1030(a)(4);

c. to knowingly cause the transmission of programs, information, code, and commands, and, as a result of such conduct, to intentionally cause damage without authorization to protected computers, with such damage affecting ten or more protected computers during a one-year period, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(G); and

d. with the intent to extort money or other things of value from persons, to transmit in interstate and foreign commerce communications containing threats to cause damage to

protected computers and demands and requests for money and other things of value in relation to damage to protected computers, where such damage was caused to facilitate the extortion, in violation of Title 18, United States Code, Section 1030(a)(7),

in violation of Title 18, United States Code, Sections 371, 1030 (a)(3), (a)(4), 1030(a)(5), and 1030(a)(7).

## Overt Acts

20. In furtherance of the conspiracy, the overt acts described above in paragraph 12 and its sub-parts, among others, were committed in the District of Columbia and elsewhere.

## **COUNT EIGHT**

(Trespassing in a Government Computer)

21. The allegations of paragraphs 1 through 12 are re-alleged and incorporated herein.

22. On or about January 9, 2017 and continuing through on or about January 12, 2017, within the District of Columbia and elsewhere, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, without authorization to access any nonpublic computer of a department and agency of the United States, accessed such a computer that was used by and for the Government of the United States (that is, an MPD computer used by and for the United States Secret Service), the defendant's conduct having affected that use by and for the Government of the United States, in violation of 18 U.S.C. 18 U.S.C. § 1030(a)(3) and (c)(2)(A).

> (**Trespassing in a Government Computer, and Aiding and Abetting**, in violation of Title 18 United States Code, Sections 1030(a)(3), and Title 18, United States Code, Section 2)

## **COUNT NINE**

(Unauthorized Access of a Computer with Intent to Defraud)

23. The allegations of paragraphs 1 through 12 are re-alleged and incorporated herein.

10

24.     On or about January 9, 2017 and continuing through on or about January 12, 2017, the exact dates being unknown to the grand jury, within the District of Columbia and elsewhere, the defendants **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, knowingly and with intent to defraud accessed a protected computer (that is, an MPD computer) without authorization and by means of such conduct furthered the intended fraud and attempted to obtain something of value in the aggregate of approximately $60,000 and more, in violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A).

> (**Unauthorized Access of a Protected Computer with Intent to Defraud, and Aiding and Abetting**, in violation of Title 18 United States Code, Sections 1030(a)(4) and Title 18, United States Code, Section 2)

## COUNT TEN

(Intentionally Damaging a Protected Computer)

25.     The allegations of paragraphs 1 through 12 are re-alleged and incorporated herein.

**26.**     On or about January 9, 2017, through January 12, 2017, the exact dates being unknown to the grand jury, within the District of Columbia and elsewhere, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer (that is, an MPD computer), in violation of Title 18, United States Code, Section 1030(a)(5)(A).

> (**Intentionally Damaging a Protected Computer and Aiding and Abetting**, in violation of Title 18 United States Code, Sections 1030(a)(5)(A), and Title 18, United States Code, Section 2)

## COUNT ELEVEN

(Threatening to Damage a Protected Computer with Intent to Extort)

27.     The allegations of paragraphs 1 through 12 are re-alleged and incorporated herein.

28. Between on or about January 9, 2017, and continuing through on or about January 12, 2017, in the District of Columbia and elsewhere, the defendants, **MIHAI ALEXANDRU ISVANCA** and **EVELINE CISMARU**, with the intent to extort money or other things of value from persons, transmitted in interstate and foreign commerce a communication to MPD containing a threat to cause damage to a protected computer and a demand and request for money and other thing of value in relation to damage to a protected computer (that is, an MPD computer), where such damage was caused to facilitate the extortion, in violation of Title 18, United States Code, Section 1030(a)(7).

> (**Threatening to Damage a Protected Computer with Intent to Extort and Aiding and Abetting**, in violation of Title 18 United States Code, Section 1030(a)(7), and Title 18, United States Code, Section 2)

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Six, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

2. Upon conviction of any of the offenses alleged in Counts Seven through Eleven, the defendants shall forfeit to the United States any property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of these offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(B). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL:

FOREPERSON

Attorney of the United States in
and for the District of Columbia