IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 1:18cr20 (DLF) |
| EVELINE CISMARU, ) | |
| ) | |
| ) | |
| Defendant. ) | |

POSITION OF EVELINE CISMARU WITH RESPECT TO SENTENCING

Comes Now, the defendant, and respectfully submits her position with respect to sentencing. We join the government's recommendation for a sentence of time served with a condition of supervised release that she continue to cooperate the government. As such, we do not expect there are any disputed issues at this sentencing hearing. Nonetheless, in further support of this joint sentencing recommendation, counsel avers as follows:

Attached are two letters from individuals who are familiar with the family in the United Kingdom. These letters make clear not only that the defendant is a very loving and devoted mother who has been devastated by her absence from her child, but that her two year old son is suffering increasingly severe psychological problems which began once his mother was arrested. Nursen Algul writes that prior to her arrest "Eveline was the main carer for [her son] Eisa since his birth and Eisa misses his mum tremendously." Nursen goes on to say that "Since she has been gone his world has turned upside down, in the beginning he was very shocked and would not leave his father's side out of fear. He has started to slowly adjust but just as things start to get better he started question[ing] why his mother is not here, if she loves him, saying he wants to sleep with his mummy." Irma Kliucininkaite echoes these sentiments, writing that "since Eveline was separated from Eisa, it has had a very negative impact on his life and now he is always very sad

and detached.  He is not the same child I've known him to be, before all this happened, he would always be jumping in joy, giggling and smiling when being around his mum.  This has torn Eisa apart."

By way of background, until Ms. Cismaru met with her codefendant, Isvanca, for the first time, she was leading a model life. She was in her final year of university studying law and psychology and, but for her traveling to meet him in the United Kingdom, her life would be remarkably different than it is now. As set forth in paragraph 114 of the PSR, the defendant attended "Universitate A Titu Maionesco in Bucharest for three years, studying law and psychology; however, she did not complete her degree requirements. Instead she went to England where she met her co-conspirator."

[REDACTED]

Additionally, and unfortunately, we expect that Cismaru will spend a lengthy, if not interminable, amount of time trying to expedite her deportation in view of the government shut down which has closed the immigration courts and created an enormous backlog.  *See, e.g.,* https://www.cbsnews.com/news/government-shutdown-closes-immigration-courts-adding-to-record-high-800000-case-backlog/.  As the Court is aware, any time spent in immigration custody will be in addition to the time spent in criminal custody.  This is another mitigating consideration the Court may consider.  *See, e.g., United States v. Fidse*, 778 F.3d 477, 481 (5th Cir. 2015) ("The court reduced what would have otherwise been a Guidelines and statutory maximum sentence of ten years by two years because of time Fidse had spent in immigration custody that otherwise would not be credited against his federal sentence."); *Aguirre-Verduzco v. United States*, No. 5:11-CR-364-H, 2012 WL 3629860, at *1 (E.D.N.C. Aug. 22, 2012) ("Based upon petitioner's immigration status, the lack of any prior criminal history and the fact that petitioner is a single

mother with a child who needs her attention, the court granted petitioner's request for a variance and sentenced petitioner to five months' imprisonment and one year of supervised release."); *United States v. Todd*, 618 F. Supp. 2d 1349, 1355 (M.D. Ala. 2009) ("Where, as here, the conduct that forms the basis of the criminal offense is closely related to the conduct that forms the basis for action by immigration authorities, it is particularly unreasonable to fail to consider the time spent in immigration detention.").

Even without all of the above, the agreed disposition in this case is within the sentencing guidelines and would still be appropriate, but the mitigating circumstances above make the agreed disposition even more appropriate. We respectfully request that the Court sentence the defendant as jointly recommended by the parties.

Respectfully Submitted,

 /s/ Cary Citronberg
Cary Citronberg
John Zwerling
Zwerling/Citronberg P.L.L.C.
114 North Alfred Street
Alexandria, VA 22314
703-684-8000 (office)
703-684-9700 (fax)
cary@zwerling.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2019 a copy of the foregoing was filed by ECF, which shall serve notice upon all parties.

 /s/ Cary Citronberg
Cary Citronberg
John Zwerling
Zwerling/Citronberg P.L.L.C.
114 North Alfred Street
Alexandria, VA 22314
703-684-8000 (office)
703-684-9700 (fax)
cary@zwerling.com